# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JAMISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00805-JCH |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Robert Jamison's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on June 6, 2016. (Petition, ECF No. 1.) Respondent has filed a Response (ECF No. 8), and the Petition is ready for disposition.

## BACKGROUND

On January 26, 2011, a jury in the Circuit Court of St. Louis City convicted Petitioner of two counts of first-degree robbery, one count of first-degree attempted robbery, and three counts of armed criminal action. On March 3, 2011, the trial court sentenced Petitioner to twenty years in prison. Petitioner timely appealed, and on May 1, 2012, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Jamison*, 365 S.W.3d 623 (Mo. Ct. App. 2012). Petitioner did not seek rehearing or transfer to the Missouri Supreme Court. On July 11, 2012, Petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Petitioner was thereafter appointed counsel and he filed an amended Rule 29.15 motion, which was denied on May 29, 2014 following an evidentiary hearing. On May 4, 2015, Petitioner moved for leave to file a late notice of appeal. The Missouri Court of Appeals granted

1

Petitioner leave to file out of time and affirmed the denial of post-conviction relief on May 10, 2016. The Mandate issued on June 1, 2016. (Petition at 2; Resp. Exs. J, L, M, N; Pet. Ex. A.)

Petitioner is incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant section 2254 Petition, he raises the following grounds for relief:

(1) That the trial court erred in denying his motion to dismiss, which he filed pursuant to the Interstate Agreement on Detainers ("IAD");

(2) That the trial court erred in failing to strike a juror for cause;

(3) That the trial court erred in admitting, over trial counsel's objections, specific witness testimony;

(4) That he received ineffective assistance of counsel, in that trial counsel promised the jury during her opening statement that it would hear the testimony of an alibi witness, but then subsequently failed to call the witness to testify;

(5) That he received ineffective assistance of counsel, in that trial counsel failed to call his alibi witness to testify at trial;

(6) That he received ineffective assistance of counsel, in that trial counsel failed to object to the use of "the hammer" instruction during jury deliberations and failed to request a mistrial when she became aware of a disruptive juror;

(7) That he received ineffective assistance of counsel, in that trial counsel failed to fully investigate Petitioner's case and failed to depose the State's witnesses;

(8) That he received ineffective assistance of counsel, in that trial counsel failed to call him as a witness and failed to admit his medical condition into evidence;

(9) That he received ineffective assistance of counsel, in that trial counsel failed to have oral argument on his motion to suppress; and

(10) That he received ineffective assistance of counsel, in that trial counsel failed to seek a mistrial after a witness for the State testified that he was in a database for prior arrests.

(Petition at 16-25.)  Petitioner raised his first three claims on direct appeal, and he raised his fourth and fifth claims in his amended Rule 29.15 motion and on appeal from the motion court's denial of post-conviction relief.  (Resp. Exs. A, H.)

Respondent argues that the Petition is untimely under 28 U.S.C. § 2244(d), and that Petitioner's claims are meritless.  (ECF No. 8.)

## DISCUSSION

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 requires a state prisoner seeking federal habeas corpus relief to file a section 2254 petition within one year after his state conviction becomes final.  *See* 28 U.S.C. § 2244(d).  The one-year period begins to run on "the date on which the judgment became final," but it does not include "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.*  Thus, the one-year period is tolled during the pendency of a properly filed state petition for post-conviction relief.  *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

Under section 2244(d), the instant Petition is timely.  Petitioner's conviction became final on May 16, 2012.  *See Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (if state prisoner does not seek certiorari on direct review, direct review concludes when time limit for seeking further review expires); *see also* Mo. Sup. Ct. R. 83.02 (application for transfer shall be filed within 15 days after opinion is filed).  The one-year limitation period was tolled, however, during the pendency of Petitioner's post-conviction proceedings.  Thus, the limitation period was tolled from July 11, 2012, when Petitioner filed his post-conviction motion, until July 8, 2014, when the time for appealing the motion court's denial of relief expired.  *See Williams v. Bruton*, 299

F.3d 981, 983 (8th Cir. 2002) (limitations period is tolled during time that state prisoner could have appealed lower court's adverse ruling); *see also* Mo. Sup. Ct. R. 29.15(a) (Rule 29.15 motions governed by rules of civil procedure insofar as applicable); Mo. Sup. Ct. R. 81.04 (petitioner has 10 days to appeal after dismissal of post-conviction relief becomes final); Mo. Sup. Ct. R. 81.05 (judgment denying post-conviction relief does not become final until 30 days after its entry, unless authorized after-trial motion is filed). The limitation period was also tolled from May 4, 2015, when Petitioner filed his late notice of appeal, until June 1, 2016, when the appellate court issued its mandate. *See Strue v. Dormire*, 557 F.3d 960, 967 (8th Cir. 2009) (application for post-conviction relief is not "pending" after time for appeal has expired, but before late notice of appeal is filed); *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction motion remains pending until appellate court issues its mandate). Totaling the 56 days between May 16, 2012 and July 11, 2012, the 300 days between July 8, 2014 and May 4, 2015, and the 5 days between June 1, 2016 and June 6, 2016, 361 days had elapsed as of the date the Petition was filed. Thus, the Petition is timely, and the Court need not address Petitioner's arguments related to statutory and equitable tolling.

## II. Procedural Default

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quotations and citations omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Id.* at 1087 (quotation and citation omitted). A petitioner must have "fairly presented the substance of the claim to the state courts…thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing

4

upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (quotations and citations omitted).

"When a habeas petitioner defaults his federal claims in state court…federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)), *cert. denied*, 134 S. Ct. 1882 (2014). "Cause must be something external to the petitioner, something that cannot fairly be attributed to him." *Arnold*, 675 F.3d at 1087 (quotation and citations omitted). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To establish that a fundamental miscarriage of justice would result, the petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quotation and citation omitted).

Upon review of the record, the Court finds that the claims of ineffective assistance of counsel in Grounds 6 through 10 of the Petition are procedurally defaulted, as Petitioner did not raise them on appeal from the motion court's denial of post-conviction relief. (Resp. Ex. H.) In addition, Petitioner has not attempted to show cause for this default, and he has not made a

properly supported claim of actual innocence. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Thus, the Court cannot reach the merits of these claims.

**III. Grounds 1 through 5**

"In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). If the state court's decision is not "contrary to" clearly established law, the remaining question is whether the state court's determination was "unreasonable." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012). This standard is "difficult to meet, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (quotation and citation omitted). "[A] state court's decision involves an unreasonable application of Supreme Court precedent when the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case, or either

6

unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Moore v. Purkett*, 275 F.3d 685, 688 (8th Cir. 2001) (quotations and citation omitted). "Federal habeas relief is warranted only when the refusal was objectively unreasonable, not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quotation and citation omitted).

A state court's decision involves "an unreasonable determination of the facts in light of the evidence presented in the state court proceedings…only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-91 (8th Cir. 2004) (quotation and citations omitted). "[A] determination of a factual issue made by a State court shall be presumed to be correct," unless the petitioner rebuts the determination with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. *See Smulls v. Roper*, 535 F.3d 853, 864-65 (8th Cir. 2008) (en banc).

### A. Claims of Trial Court Error

In Ground 1, Petitioner claims that the trial court erred in denying his motion to dismiss, which he brought pursuant to the IAD. *See* Mo. Rev. Stat. § 217.490 (Missouri's speedy trial law). Petitioner alleges that "the State failed to bring him to trial within the 180 day time limit specified in the [IAD]." (Petition at 16.) Petitioner is not entitled to relief on this claim, however, because "[a] violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also Mathews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (question of whether

state violated its own speedy trial statute is matter for state courts).  Rather, "[a] separate showing that the Sixth Amendment speedy trial requirement has been violated must be made before habeas relief will be granted."  *Poe*, 39 F.3d at 207; *see also Cole v. Roper*, No. 4:10-CV-197 CEJ, 2013 WL 398755, at *2 (E.D. Mo. Feb. 1, 2013) (petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process").  Thus, Petitioner's claim in Ground 1 fails and must be dismissed.

In Ground 2, Petitioner claims that the trial court erred in failing to strike a juror for cause.  Specifically, Petitioner asserts that the juror in question "stated he would have a hard time erasing the fact that [Petitioner] did not testify…[and] was uncertain as to whether or not he would be able to follow the court's instructions," and that defense counsel was thus forced to use a peremptory strike to remove the juror. (Petition at 17.)  The right to peremptory challenges to prospective jurors, however, "is not of federal constitutional dimension," rather it is "a means to achieve the constitutionally required end of an impartial jury."  *United States v. Martinez-Salazar*, 528 U.S. 304, 307, 311 (2000) (citation omitted).  When no biased juror sits on the jury, the use of a peremptory challenge to strike a juror that the trial judge erroneously refused to strike for cause does not constitute a constitutional violation.  *See id.* at 307.  This rule does not hinge "on how many peremptory challenges the defendant exercised for curative purposes or how the defendant would have otherwise employed [his] challenges if [he] had not used them curatively."  *United States v. Johnson*, 495 F.3d 951, 965 (8th Cir. 2007).  Rather, the "constitutional touchstone…is the right to a fair trial."  *Id.*  Therefore, Petitioner's claim in Ground 2 fails and must be dismissed.

In Ground 3, Petitioner claims that the trial court erred in admitting, over defense counsel's objections, specific witness testimony.  Specifically, Petitioner asserts that the trial

8

court erred in admitting a witness's testimony that "she had been robbed three previous times and with those experiences, learned to concentrate on the appearance of the robber and pay attention to the details." (Petition at 18). Petitioner contends that the witness's testimony was "irrelevant, impartial, highly prejudicial, and improperly bolstered her identification testimony." *Id.* "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and it is not within "the province of a federal habeas court to reexamine state-court determinations on state-law questions," such as the admissibility of evidence at trial. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted); *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006). "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew*, 436 F.3d at 1018; *see also Nebinger v. Ault*, 208 F.3d 695, 697 (8th Cir. 2000) (rulings on admission or exclusion of evidence in state trials rarely rise to level of federal constitutional violation); *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991) (petitioner must show that alleged error rendered trial fundamentally unfair, such that there is reasonable probability that error affected outcome of trial). In view of the foregoing, the Court finds that the evidentiary error alleged does not implicate a federal constitutional right, and that it was not so prejudicial as to amount to a denial of due process. Petitioner's claim in Ground 3 therefore fails and must be dismissed.

### B. *Claims of Ineffective Assistance of Counsel*

In Grounds 4 and 5, Petitioner asserts claims of ineffective assistance of counsel. Petitioner alleges that trial counsel was ineffective in promising the jury that it would hear the testimony of an alibi witness, Laura Thompson, and in failing to call Ms. Thompson to testify. (Petition at 19-20.) In order to prevail on an ineffective-assistance claim, a petitioner must

9

demonstrate that counsel's performance was constitutionally deficient, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The petitioner must first show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 687-88. Review of counsel's performance by the Court is "highly deferential," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689, 690. The petitioner must then establish prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695.

At the Rule 29.15 evidentiary hearing, trial counsel testified that when she originally spoke to Ms. Thompson, Ms. Thompson stated that on the night in question Petitioner had picked her up after work and "they had gone to get something to eat and done some other things." (Resp. Ex. K at 9.) When counsel spoke to Ms. Thompson at trial, Ms. Thompson stated that "those things happened during the day, not at night," and that she could not recall what happened after Petitioner picked her that night. *Id.* at 10-11. Also at the evidentiary hearing, Ms. Thompson testified that on the night in question Petitioner had stayed home with her after picking her up from work. Petitioner testified that during the trial counsel had told him that "she got the case beat" and no longer needed Ms. Thompson as a witness. *Id.* at 20-21, 28. The motion court denied Petitioner's claims, reasoning in part that it had "no reason to doubt [counsel's] explanation for her decision during the trial not to call Ms. Thompson as a witness." (Resp. Ex. J at 75.)

In affirming the motion court's denial of post-conviction relief, the Missouri Court of Appeals stated as follows:

> The motion court held an evidentiary hearing at which trial counsel testified when she initially spoke with Thompson, Thompson told counsel Movant picked Thompson up from work on May 7, 2009, and they had gone out to get something to eat and had done some other things before going home. However, when counsel talked to Thompson during the trial, Thompson said she and Movant had eaten and run errands during the day and not at night. Trial counsel stated Thompson told counsel she could not remember what happened after Movant picked her up from work and was not sure if Movant had gone back out after dropping Thompson off at home. Counsel testified [that] this change in Thompson's testimony was significant because it meant Movant no longer had an alibi at the time of the robbery.
> …
> To support a claim of ineffective assistance of counsel for failure to call a witness, a movant must show "'1) [t]rial counsel knew or should have known of the existence of the witness; 2) the witness could be located through reasonable investigation; 3) the witness would testify, and 4) the witness's testimony would have produced a viable defense.'" Worthington, 166 S.W.3d at 577, quoting Hutchison v. State, 150 S.W.3d 292, 304 (Mo. banc 2004). The decision not to call a witness at trial is presumptively a matter of trial strategy. McClendon v. State, 247 S.W.3d 549, 556 (Mo. App. E.D. 2007).
>
> Here, the record demonstrates trial counsel knew about Thompson, subpoenaed Thompson, and Thompson was willing to testify but trial counsel did not call her because Thompson told counsel she was incorrect about her prior assertion she and Movant had gone out to eat and run errands after Movant picked her up from work on the night of the robbery. Trial counsel testified it was not until after opening statements that Thompson told counsel she and Movant had gone out in the afternoon, not at night after she got off work. Counsel believed [that] even if Movant picked Thompson up from work at 11:00 p.m., he could have committed the robbery if he took her home and then went back out. Because Thompson could not recall on the day of trial whether Movant left after dropping her off at home, trial counsel did not call Thompson because she could not provide Movant with an alibi. Trial counsel's decision not [to] call Thompson as a witness after Thompson told counsel she would not testify as originally intended and could no longer provide Movant with a viable defense was reasonable trial strategy.
>
> Although Thompson testified at the hearing Movant stayed at home with her after picking her up from work on the night of the robbery, the court was not compelled to believe Thompson's testimony over that of trial counsel. As already noted, the determination of a witness's credibility is left to the motion court. See Tate, 461 S.W.3d at 24. Based on the foregoing, Movant's Point II is denied.
> …

> "When a defense attorney promises during opening statements that the attorney will present certain evidence and then does not present that evidence, the attorney opens himself up to criticism of the effectiveness—or ineffectiveness—of his representation of the defendant." Midgyett v. State, 392 S.W.3d 8, 13 (Mo. App. W.D. 2012). "When determining whether an unfulfilled evidentiary promise made by defense counsel could contribute to a finding of counsel's ineffectiveness, courts look to whether 'unforeseeable events' occurring during the trial would justify counsel's change in trial strategy." Id.
>
> Here, trial counsel testified at the hearing she had intended to call Thompson as an alibi witness at trial based upon Thompson's pretrial representation of what her testimony would be. Trial counsel testified Thompson did not inform counsel of her intended change of testimony until after opening statements had been made. Counsel testified she then made a strategic decision not to call Thompson because Thompson could no longer provide Movant with an alibi. Thompson's late notification to counsel regarding her intended testimony justified counsel's change in trial strategy; thus, counsel was not ineffective for failing to present evidence as promised during the defense's opening statements. Based on the foregoing, Movant's Point I is denied.

(Resp. Ex. L at 3-8.)

This Court finds that the state courts reasonably applied the principles of the *Strickland* framework in determining that Petitioner's trial attorney did not render ineffective assistance of counsel. The Court further concludes that the state courts did not issue a decision that was based upon unreasonable determinations of fact. In view of the foregoing, Petitioner's claims in Grounds 4 and 5 fail and will be dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Robert Jamison's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 7th Day of December, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE